UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DONOVAN BEAL,

Petitioner,

v.

KARIN ARNOLD,

Respondent.

Case No. 3:26-cv-05656-TL-TLF

SECOND ORDER TO SHOW CAUSE

Petitioner filed a habeas corpus petition under 28 U.S.C. § 2254, and raises one claim: that his right to Due Process under the 14th Amendment was violated by the state court's refusal to engage in a same criminal conduct analysis on the record. Dkt. 1. Petitioner subsequently filed a motion to stay proceedings because he filed a personal restraint petition ("PRP") in state court; in the PRP he argues he received ineffective assistance of counsel during re-sentencing where counsel "failed to challenge the same criminal conduct statute under *Alleyne v. United States* and *Erlinger v. United States*." Dkt. 4. Petitioner has also moved to proceed in forma pauperis ("IFP"). Dkt. 3.

The Court directed petitioner to "identify all claims he intends to raise in his petition. Dkt. 5. If he wants to assert the ineffective assistance of counsel claim, or any other claims besides the single due process claim he raised in the original petition, petitioner shall file **a proposed amended petition** including ***all*** of the claims he intends

to raise in this federal habeas corpus action. If petitioner does not file a proposed amended petition on or before August 13, 2026, the Court will treat the original petition, with the sole claim of a Due Process violation, as the operative petition." *Id.*

Petitioner responded to the order to show cause, stating he is attempting to exhaust his ineffective assistance claim through his state court PRP -- but that he feels he cannot fully brief the issue given the early stages of the PRP. He explains that he is awaiting a ruling on the merits in state court. Dkt. 6. Petitioner did not file an amended petition including the unexhausted claim.

If petitioner does not make a motion to amend the petition and include the ineffective assistance of counsel claim, there is no basis for the Court to grant a stay of proceedings. *See Rhines v. Weber*, 544 U.S. 269, 274–79 (2005) (When faced with a mixed petition (a petition including both exhausted and unexhausted claims), a district court may generally exercise one of three options: (1) dismiss the mixed petition without prejudice, which allows the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; or (3) allow the petitioner to delete the unexhausted claims and to proceed with the remaining claims.).

**If petitioner seeks to stay proceedings in order to exhaust his ineffective assistance of counsel claim in the state courts, then he must make a motion to amend, and file an amended petition, so he can include the ineffective assistance of counsel claim along with the Due Process claim in an amended petition**.

Accordingly, the Court hereby ORDERS:

(1) On or before **December 10, 2026**, petitioner may file an amended petition, and a motion to amend (see Local Civil Rule 15(a)) including both his Due Process claim and his ineffective assistance of counsel claim.[1] **If petitioner fails to file a motion to amend, and a proposed amended petition, the Court may deny the motion to stay without prejudice and treat the original petition, with the sole claim of a Due Process violation, as the operative petition.**

(2) If petitioner chooses to not file a motion to amend, and he does not file a proposed amended petition, then a future habeas petition brought after exhaustion of any ground not litigated in this case would likely face procedural obstacles—for example, there is a prohibition (with limited exceptions) on bringing a second or successive habeas petition to challenge his current conviction. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007) (noting that habeas petitioners proceeding with only exhausted claims may risk subjecting later petitions that raise new claims to rigorous procedural obstacles); *Cooper v. Calderon*, 274 F.3d 1270, 1272-73 (9th Cir. 2001) (per curiam) (noting that the relevant statutes greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications); 28 U.S.C. § 2244(b) (providing that a claim presented in a second or successive § 2254 habeas petition "shall" be dismissed unless certain substantive and procedural requirements are met).

[1] If petitioner files a motion to amend, and a proposed amended petition at this time, then at a later time he would still have an option of making a motion to amend the petition, and filing another proposed amended petition under Local Rule 15 to include additional facts or argument to support his claim(s).

(3) The Clerk is directed to re-note petitioner's IFP motion (Dkt. 3) and his motion to stay (Dkt. 4) to **December 10, 2026**.

(1) The Clerk is directed to provide petitioner with the pro se instructions sheet, a copy of Local Civil Rule 15(a), and forms for filing an amended 28 U.S.C. § 2254 petition for writ of habeas corpus.

(2) The Clerk shall provide a copy of this order to petitioner.

Dated this 9th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge